## A94A1225. KENDALL et al. v. PEACH STATE MACHINERY, INC.
### (451 SE2d 810)

SMITH, Judge.

Brent Construction Company and Wayne B. Kendall, its president and sole shareholder, appeal from the trial court's grant of summary judgment to Peach State Machinery in an action brought by Peach State to recover a deficiency judgment.

The record reveals that on January 7, 1993, the trial court entered an order granting Peach State's motion for summary judgment. Appellants allege they first learned the order had been entered when served with post-judgment discovery in April 1993. On April 15, 1993, appellants filed a "motion to vacate and correct judgment" under OCGA § 9-11-60 (g), and on April 27, 1993, they filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d).

After a hearing, the trial court entered an order on June 18, 1993, denying both motions. The order recites that the January 1993 order remains the judgment of the court, but because Brent and Kendall had apparently not received a copy, the order is to be re-entered nunc pro tunc and notice given in accordance with OCGA § 15-6-21.

1. In *Cambron v. Canal Ins. Co.,* 246 Ga. 147 (269 SE2d 426) (1980), the Supreme Court held that the trial court's failure to notify counsel of the entry of judgment, as required by OCGA § 15-6-21 (c), warranted the grant of a motion to set aside the judgment under 9-11-60 (g). The procedure outlined in *Cambron* permits commencement of a new 30-day period after re-entry of the judgment, provided the earlier judgment is first set aside. Id. at 148-149 (1).

An appellate court has the duty to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. *Atlantic-Canadian Corp. v. Hammer, Siler, George Assoc.,* 167 Ga. App. 257, 258 (1) (306 SE2d 22) (1983). For appellate jurisdiction to attach, it is mandatory that a notice of appeal be timely filed. Id. The *Cambron* court did not hold that failure to notify a party of the entry of judgment extends the time for filing the notice of appeal, *Atlantic-Canadian Corp.,* supra, and the denial

of a motion to set aside under OCGA § 9-11-60 (d) is subject to the discretionary appeal procedures, OCGA § 5-6-35 (a) (8). This court has held, however, that the denial of a motion to set aside brought under OCGA § 9-11-60 (g) is directly appealable. *Crawford v. Kroger Co.*, 183 Ga. App. 836 (360 SE2d 274) (1987). Accordingly, this court has jurisdiction to entertain this appeal from the denial of the motion to set aside brought under OCGA § 9-11-60 (g).

2. We consider, therefore, whether the trial court's denial of the motions to set aside was erroneous.

*Cambron* provides that upon a finding by the court that notice was not provided as required by OCGA § 15-6-21 (c), the motion to set aside may be granted and the judgment re-entered. Alternatively, if the judge finds that notice was sent and received, the motion to set aside the earlier judgment should be denied. 246 Ga. at 148-149 (1). As stated in *Intertrust Corp. v. Fischer Imaging Corp.*, 198 Ga. App. 812 (403 SE2d 94) (1991), the issue is not whether the losing party had knowledge that judgment was entered, but whether the duty imposed on the court in OCGA § 15-6-21 (c) was carried out. Id. at 813 (1). To implement properly the procedure set forth in *Cambron*, therefore, it is necessary that the trial court first make a finding regarding whether the duty imposed on the court by OCGA § 15-6-21 (c) was met. If the trial court finds the statute's requirements were not met, the earlier judgment must be set aside before judgment is re-entered to commence a new 30-day period for appeal.

The order appealed from contains a finding that appellants did not receive the summary judgment order. However, it includes no finding regarding whether such notice was sent or whether the court's duty under OCGA § 15-6-21 (c) was met. Moreover, although the order explicitly *denies* the motions to set aside and states that the earlier order remains the judgment of the court, it also directs the entry nunc pro tunc of its order granting summary judgment.[1]

These provisions appear to be contradictory, and we cannot discern from the language of the order whether it was the intent of the trial court to allow the commencement of a new 30-day period for appeal or to refuse to do so. Further, since no finding was made regarding compliance with OCGA § 15-6-21 (c), even if we could ascertain the court's intention, we would be unable to determine whether the court's decision to grant or deny the motion to set aside was

---

[1] Because it appears that some confusion exists regarding the procedure for re-entering judgment after setting aside an earlier judgment and that for entering an order nunc pro tunc, we note that a nunc pro tunc entry is used to record a previously unrecorded action taken or judgment rendered, which is to take effect as of the *former* date. It may not be used to correct a decision, however erroneous, or to supply non-action on the part of the court. *Rivers v. Goodson*, 184 Ga. App. 70, 72 (360 SE2d 740) (1987).

proper under *Cambron.*

For these reasons, we are unable to determine if it is necessary that the trial court's order be vacated. This case therefore must be remanded to the trial court with direction that the court make the necessary findings and otherwise follow the procedure set forth in *Cambron.*

*Case remanded with direction. Pope, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 30, 1994 —
RECONSIDERATION DENIED DECEMBER 14, 1994 — 

*Lawson & Thornton, George O. Lawson, Jr.,* for appellants.
*James H. Mobley, Jr.,* for appellee.