## A06A2277. WAL-MART STORES, INC. et al. v. PARKER.
### (642 SE2d 387)

PHIPPS, Judge.

In this workers' compensation case, Wal-Mart Stores, Inc. and its insurer filed a motion seeking to have a superior court judgment vacated and re-entered, which would have afforded them an opportunity to timely pursue an appeal in this court. The superior court denied the motion. Because the denial was error, we reverse the ruling and remand for proceedings consistent with this opinion.

Claimant Alfonzo Parker was awarded income benefits by an administrative law judge (ALJ). Parker's employer, Wal-Mart Stores, Inc., and its insurer appealed to the state board, which adopted in part and amended in part the award of the ALJ. Parker appealed that decision to the superior court, and the case was docketed in that court on August 5, 2005. After holding oral argument on September 6, 2005, the superior court reversed the board's award and reinstated the award of the ALJ by order dated and filed September 26, 2005.

Initially, neither Wal-Mart nor Parker received a copy of this order from the superior court. Parker's attorney contacted the superior court, however, and discovered that judgment had been entered. After the time to apply for a discretionary appeal to this court expired, Parker's attorney contacted Wal-Mart's attorneys and informed them of the judgment. Wal-Mart filed a motion, pursuant to OCGA §§ 9-11-60 (g)[1] and 15-6-21 (c) and *Cambron v. Canal Ins. Co.*,[2] to vacate and re-enter the judgment so that it could pursue an appeal in a timely manner as required by the Appellate Practice Act.

OCGA § 15-6-21 (c) provides in pertinent part that after the trial judge decides a case, unless notice has been waived pursuant to OCGA § 9-11-5 (a),[3] "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." In *Cambron*, the Supreme Court of Georgia held that OCGA § 15-6-21 (c) is not "merely directory."[4] Further, it instructed:

> Ordinarily, the losing party must pursue his appeal in a timely manner as required by the Appellate Practice Act. But where no notice is sent by the trial court or by the clerk to the losing party, this court holds that an action may be

---

[1] "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

[2] 246 Ga. 147 (269 SE2d 426) (1980).

[3] There is no assertion of such a waiver.

[4] *Cambron*, supra at 149 (1).

brought under [OCGA § 9-11-60 (g)] to set aside the earlier judgment; and upon a finding that notice was not provided as required by [OCGA § 15-6-21 (c)], the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry.[5]

The superior court acknowledged that Wal-Mart had not received notice as required by OCGA § 15-6-21 (c), but nevertheless denied Wal-Mart's motion. Citing *Taylor Timber Co. v. Baker*,[6] it determined that if it vacated the order, under OCGA § 34-9-105 (b), it would lose jurisdiction of the case by operation of law and therefore any subsequently entered order would be a nullity. The superior court also determined that all parties knew that OCGA § 34-9-105 (b) required it to enter an order within 20 days of the hearing and that Wal-Mart ignored that rule, doing nothing to determine whether the court had entered judgment for more than 30 days after the expiration of the 20-day period. The superior court reasoned that setting aside the order would penalize Parker, who had been diligent, and would reward Wal-Mart, which had not been diligent.

The superior court erred in denying Wal-Mart's motion. Reliance upon OCGA § 34-9-105 (b) and *Taylor Timber Co.* was misplaced. And deciding Wal-Mart's motion based upon a finding that Wal-Mart had not been diligent, rather than upon a finding that the court had failed to perform its duty mandated by OCGA § 15-6-21 (c), was contrary to well established Georgia law.

OCGA § 34-9-105 (b) provides that the decision of the board shall be considered affirmed by operation of law under certain circumstances: (1) if the superior court does not hear the case within 60 days of the date of docketing in the superior court, unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by court order; (2) if a hearing is held later than 60 days after the date of docketing in the superior court because same has been continued to a date certain by court order, but no order of the court disposing of the issues on appeal has been entered within 20 days after the date of the continued hearing; or (3) if a case is heard within 60 days from the date of docketing in the superior court, but no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing.

---

[5] Id. at 148-149 (1); see also *Woods v. Savannah Restaurant Corp.*, 267 Ga. App. 387, 387-388 (599 SE2d 338) (2004); *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 896 (4) (525 SE2d 731) (1999).

[6] 226 Ga. App. 211 (485 SE2d 819) (1997) (physical precedent only).

In this case, the superior court heard the case within 60 days of its docketing in the superior court; and within 20 days of the date of the hearing, the superior court issued an order dispositive of the issues on appeal. Strictly construing OCGA § 34-9-105 (b) as we must,[7] we find that this case falls outside the circumstances contemplated by that Code provision. Accordingly, the superior court erred in determining that the provision would apply to affirm the case by operation of law and divest it of subject matter jurisdiction over the case, if it vacated the September 26, 2005 judgment for purposes of re-entry under *Cambron.*

The case of *Taylor Timber Co.* was decided under the rule that "[w]hen the superior court does not enter a judgment within the time limits set forth in OCGA § 34-9-105 (b), the decision of the Board is affirmed by operation of law, the superior court loses subject matter jurisdiction, and any orders entered thereafter by the superior court are a nullity."[8] In that case, the record showed that "no order disposing of the issues on appeal [before the superior court] was entered within 20 days of the hearing, the decision of the Board was affirmed by operation of law, and the superior court lost subject matter jurisdiction at such time."[9] In this case, however, the record shows that the superior court complied with the time limitations set forth by OCGA § 34-9-105 (b). Therefore, *Taylor Timber Co.* is inapposite.

It was also improper for the superior court to decide Wal-Mart's motion based upon a determination that Wal-Mart knew or should have known that a judgment had been entered. Appellate courts of this state have repeatedly held that the issue is not whether the losing party had knowledge that judgment was entered, but whether the court had carried out the duty imposed upon it by OCGA § 15-6-21 (c).[10]

Moreover, given that the superior court already had met the time requirements set forth in OCGA § 34-9-105 (b), the policy underlying that Code section — the speedy resolution of workers' compensation

---

[7] *Union City Auto Parts v. Edwards*, 263 Ga. App. 799, 801 (589 SE2d 351) (2003) (because the Workers' Compensation Act is in derogation of common law, its provisions must be strictly construed).

[8] *Taylor Timber Co.*, supra at 213 (1) (citation omitted).

[9] Id.

[10] See *Cambron*, supra (rejecting argument that the burden is on the appealing party to ascertain when the trial judge's decision has been entered or filed with the clerk and therefore an appealing party is entitled to no relief from judgment of which it was not notified under OCGA § 15-6-21 (c)); *Intertrust Corp. v. Fischer Imaging Corp.*, 198 Ga. App. 812 (403 SE2d 94) (1991); *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994) (physical precedent only).

cases appealed to the courts of this state[11] — would not have been violated by vacating and then re-entering the judgment to allow Wal-Mart an opportunity to seek review by this court. Indeed, the Supreme Court has cautioned against "exalt[ing] the need for speedy disposition over fair treatment of the parties and the policy of reaching the merits of a controversy."[12] OCGA § 34-9-105 (e) expressly provides, "Any party in interest who is aggrieved by a judgment entered by the superior court upon an appeal from a decision of the board to the superior court may have such judgment reviewed by the Court of Appeals within the time and in the manner provided by law." Thus, in accordance with the procedure outlined by *Cambron*, the superior court is hereby directed to grant Wal-Mart's motion and to vacate and re-enter the judgment of September 26, 2005. "[T]he thirty-day period within which [either party] must appeal will begin to run from the date of the re-entry."[13]

*Judgment reversed and case remanded with direction. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 22, 2007.

*Swift, Currie, McGhee & Hiers, Charles E. Harris IV, McLain & Merritt, Jeffrey E. Hickcox, John C. Stunda*, for appellants.
*Edwards & Youmas, Lonzy F. Edwards*, for appellee.

