A10A1102. CAMERON et al. v. MILES.
(695 SE2d 691)

JOHNSON, Judge.

On September 5, 2008, Monica Miles sued Marion Cameron and Cameron & Miles, P.C. (hereinafter "Cameron") for dissolution of a corporation, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, stubborn litigiousness, and attorney fees. On May 21, 2009, following numerous failures by Cameron to provide discovery responses or otherwise resolve discovery disputes, Miles filed a motion to strike Cameron's answer and counterclaims. On July 29, 2009, the court held a hearing on the motion, noting that

---

[11] (Citations and punctuation omitted.) *Kilby v. State*, 289 Ga. App. 457, 460 (3) (657 SE2d 567) (2008).

[12] Id.

[13] (Citation and punctuation omitted.) *Killings v. State*, 296 Ga. App. 869, 874 (3) (b) (676 SE2d 31) (2009).

162

as of that date, Cameron had not filed a response to Miles' motion to strike. The court orally granted Miles' motion to strike and instructed Miles to prepare and later submit an order for the court's approval and signature. Miles' counsel did so and copied Cameron's counsel. Cameron's counsel submitted an alternative order. On August 11, 2009, the court entered a Final Order granting Miles' motion to strike Cameron's answer and counterclaims. However, Cameron was not notified by the court when the final order was entered.

On September 21, 2009, Cameron filed a motion to set aside the final order, arguing that he was unaware that the order had been entered until after the 30-day statutory appeal period had lapsed. Cameron requested that the trial court re-enter the order and allow him an opportunity to appeal. The trial court denied Cameron's motion to set aside, finding that Cameron was present at the July 29, 2009 hearing, knew of the trial court's adverse ruling, and that the signing of the final order was a mere formality to memorialize the oral ruling given to the parties on July 29. Cameron appeals. Because the trial court was obligated to file its written decision with the clerk of court and notify Cameron of its decision, we reverse the trial court's order.

OCGA § 15-6-21 (c) mandates: "When he or she has so decided, it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." If the trial court fails to send notice to the losing party, the losing party can file a motion to set aside the earlier order or judgment.[1] Upon a finding that notice was not provided by the trial court, the motion to set aside should be granted, the order or judgment re-entered, and the losing party given 30 days from the date of re-entry to file a notice of appeal.[2]

Here, Miles contends Cameron was orally notified of the order on July 29, 2009, and he failed to exercise reasonable diligence in discovering the status of the written order. However, this is not Cameron's duty. "The issue is not whether [Cameron] had knowledge that the order was entered but whether the trial judge carried out the duties imposed by OCGA § 15-6-21 (c)."[3]

The fact that Cameron may have been aware of the adverse oral ruling does not satisfy the trial court's duty to notify a losing party

---

[1] See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980).

[2] Id. at 148-149.

[3] *Brown v. E. I. Du Pont de Nemours & Co.*, 240 Ga. App. 893, 896 (4) (525 SE2d 731) (1999). See also *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997); *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994).

when it enters a written order, so as to begin the statutory appeal period. "[A]n oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk. This constitutes 'entry.' And it is only an 'entered' decision or judgment which is appealable."[4] Thus, "[t]he trial judge's indication [on July 29, 2009] of his likely action was not sufficient to satisfy the notice requirements of OCGA § 15-6-21 (c)."[5]

Clearly, the order at issue was not presented and signed on July 29, 2009 in Cameron's presence, nor did the trial court notify Cameron when it entered the final written order. Thus, contrary to the trial court's ruling, Cameron did not receive the requisite notice under OCGA § 15-6-21 (c). We therefore reverse the trial court's order denying Cameron's motion to set aside and direct the trial court to re-enter its judgment, giving Cameron 30 days from the date of re-entry to file a notice of appeal.

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED MAY 20, 2010.

*Hollowell, Foster & Herring, Stanley E. Foster*, for appellants.
*Precious Anderson-Scott*, for appellee.

---

[4] (Citations omitted.) *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987).
[5] *Brown*, supra.