# Court of Appeals
# of the State of Georgia

ATLANTA,   June 06, 2012

*The Court of Appeals hereby passes the following order:*

## A12A1907.  STEVEN L. MCCAULEY, ET AL. v. SUNTRUST MORTGAGE, INC.

According to Steven L. McCauley and Kassie Lynn McCauley's notice of appeal, the trial court entered an order granting summary judgment to Suntrust Mortgage, Inc. on November 2, 2011.[1]  On February 13, 2012, the trial court entered its "Order Correcting Entry of Competing Orders," in which it explains that it requested counsel to submit proposed orders on Suntrust's motion for summary judgment and that it mistakenly signed both orders.  It thus vacated the order denying summary judgment, which it issued on November 4, 2011, and ruled that the order entered on November 2, 2011, was the order of the court.  On March 28, 2012, the trial court entered an order granting the McCauleys permission to file an out-of-time appeal.[2]  On April 19, 2012, the McCauleys filed a notice of appeal.  We, however, lack jurisdiction.

OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of an appealable order.  The McCauleys filed their notice of appeal 169 days after the trial court entered the order that they seek to appeal. Although the McCauley's received permission to file an out-of-time appeal, an out-of-time appeal is a judicially created remedy that is limited to criminal cases.  See, e.g., *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004).  Out-of-time appeals are not permitted in  civil

---

[1] The order granting summary judgment is not included in the record.

[2] The McCauleys' motion for leave to file an out-of-time appeal is not included in the record.

cases.  See *Woodall v. Woodall*, 248 Ga. 172, 173 (281 SE2d 619) (1981).  Thus, this appeal is untimely and is DISMISSED for lack of jurisdiction.[3]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/06/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[3] If the McCauleys were unaware of the entry of the order granting summary judgment due to the trial court's error, their remedy is to seek to have the order set aside and re-entered in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).  See also *Cameron v. Miles*, 304 Ga. App. 161 (695 SE2d 691) (2010).