# Court of Appeals
# of the State of Georgia

ATLANTA,  October 01, 2014

*The Court of Appeals hereby passes the following order:*

**A15D0057. ROOSEVELT WOODS v. THE STATE.**
**A15D0069. ROOSEVELT WOODS v. THE STATE.**

In these two applications for discretionary appeal, Roosevelt Woods appeals the order denying his pro se motion to withdraw his guilty plea. The trial court's order was entered on July 24, 2014, and Woods filed his applications on September 12, 2014 and September 19, 2014.[1] Although the denial of a motion to withdraw a guilty plea is directly appealable,[2] we lack jurisdiction to consider Woods' applications because they are untimely.

Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed.  See OCGA § 5-6-35 (d) & (j); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State of Ga.*, 190 Ga. App. 734 (380 SE2d 57) (1989). Because Woods filed his applications 50 and 57 days after entry of the order he seeks to appeal, the applications are untimely, and they are hereby DISMISSED for lack of jurisdiction.

---

[1] Woods attempted to file an application for discretionary appeal on August 21, 2014, but the application could not be accepted for filing because Woods did not include a stamped "filed" copy of the trial court's order. See Court of Appeals Rule 31 (e).

[2] See *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008).

We note that Woods argues in both applications that his applications are untimely because the trial court and his attorney failed to provide him with a copy of the order denying his motion to withdraw. To the extent that Woods' ability to file a timely application was frustrated by the trial court's action, Woods' remedy is to petition the trial court to set aside and re-enter the order. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-49 (1) (269 SE2d 426) (1980); *Cameron v. Miles*, 304 Ga. App. 161 (695 SE2d 691) (2010).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____10/01/2014_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*