In the Supreme Court of Georgia

Decided: September 14, 2015

S15A0896.  WRIGHT v. YOUNG.

BENHAM, Justice.

This appeal arises from the trial court's denial of appellant Willie Wright's motion to vacate and set aside the October 26, 2010 final order and decree of divorce dissolving his marriage to appellee Kenya Young.[1]  According to appellant, who is incarcerated and acting pro se in this appeal, he never received notice of the final divorce decree.  Appellant avers he first learned of the final divorce decree on October 2, 2014, in response to a September 2014 inquiry he made to the clerk of the trial court about the status of the divorce proceedings.  Upon learning of the final divorce decree, appellant filed a motion to set aside on October 23, 2014.  Without making any findings as to notice, the trial court denied the motion on November 6, 2014.

---

[1]We granted appellant's discretionary application for review (Case. No. S15D0485) on December 22, 2014.

OCGA § 15-6-21 (c)[2] provides in pertinent part:

> [I]t shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision. Said notice shall not be required if such notice has been waived pursuant to subsection (a) of Code Section 9-11-5.

Although OCGA § 15-6-21 refers to notice for decisions made on motions, its logic also applies to final judgments. See Cambron v. Canal, 246 Ga. 147 (1) (269 SE2d 426) (1980); Morgan v. Starks, 214 Ga. App. 265, 266 (447 SE2d 426) (1994). The only circumstance in which the notice requirement is waived under OCGA § 15-6-21 (c) is when the losing party has failed to file any responsive pleadings in the case. See OCGA § 9-11-5 (a); Ellis v. Ellis, 286 Ga. 625, 626 (690 SE2d 155) (2010). Since the record shows that appellant filed an answer to the complaint for divorce, appellant did not waive notice.

The record does not show, however, whether the trial court notified appellant of the final decree of divorce. In addition, when it denied the motion to set aside the divorce decree, the trial court did not make any findings on the issue of notice. In such circumstances, the appellate courts have held that the

---

[2]Chapter 6 of Title 15 of the Georgia Code concerns the obligations of Georgia's superior courts.

2

order denying the losing party's motion to set aside must be vacated and the case remanded so that the trial court may make findings on the issue of whether notice was provided.  See Pierce v. State, 289 Ga. 893 (2) (717 SE2d 202) (2011);  Woods v. Savannah Restaurant Corporation, 267 Ga. App. 387, 388 (599 SE2d 338) (2004).

"[T]he issue is not whether the losing party had knowledge that judgment was entered, but rather whether the duty imposed on the court in OCGA § 15-6-21(c) was carried out."  Kendall v. Peach State Machinery, Inc., 215 Ga. App. 633 (2) (451 SE2d 810) (1994) (physical precedent only).  If on remand the trial court finds notice was not given, then the trial court must grant the motion to set aside the final judgment, re-enter the final judgment, and allow the losing party 30 days from the re-entry date to seek appellate review.  Id. at 634; Woods v. Savannah Restaurant Corporation, supra, 267 Ga. App. at 388.  See also Cambron v. Canal Insurance Company, supra,  246 Ga. at 148-149.  If the trial court finds that notice was given, then the motion to set aside should be denied.

See id. at 149;[3] C&R Financial Lenders, LLC v. State Bank & Trust Company,

320 Ga. App. 600 (2) (740 SE2d 371) (2013).

Judgment vacated and case remanded.  All the Justices concur.

---

[3]To the extent that Cambron v. Canal Insurance Company, supra, 246 Ga. at 149, states that notice must be sent and *received* in order to deny a motion to set aside in these circumstances, it is disapproved.  OCGA § 15-6-21 (c) only requires that the trial court give notice to the losing party. If the trial court has in fact given notice, then a motion to set aside may be properly denied whether or not the losing party actually received the notice.