S16A1248, S16A1250. WRIGHT v. WRIGHT (two cases).
(793 SE2d 96)

BENHAM, Justice.

These cases involve the repeated efforts of Willie Frank Wright ("Husband"), who is incarcerated and filing pro se, to vacate and set aside the divorce decree entered in 2010 in the divorce action filed by Kenya Young Wright ("Wife"). Given these repeated efforts, the procedural history is somewhat complicated.

In an earlier appearance of this case, this Court vacated the trial court order denying Husband's motion to set aside the final decree and remanded for the trial court to make findings on the issue of whether notice of the decree was given to Husband. *Wright v. Young*,

297 Ga. 683 (777 SE2d 475) (2015).[1] On remand, the trial court scheduled a hearing, and Husband filed a request for an order requiring the authorities to produce him to the court to attend the hearing, but this request was denied. Again, the trial court denied Husband's motion to set aside. Husband filed both a notice of appeal and an application for discretionary appeal, and this Court granted the application, stating in its order that the Court was concerned with whether the trial court erred in concluding it had satisfied its duty under OCGA § 15-6-21 (c) to provide notice of the entry of the final judgment and decree. This appeal was docketed as Case No. S16A1250.

Prior to the date Case No. S16A1250 was docketed, the trial court entered an order purporting to dismiss the "action," apparently meaning the appeal, for Husband's failure to file a notice of appeal within ten days as required by this Court's order granting the application for discretionary appeal. Husband then filed both a notice of appeal from this dismissal order as well as an application for discretionary appeal. This Court granted Husband's application for review of whether the trial court erred in dismissing the "action" where the applicant had already filed a premature notice of appeal after he filed the application for discretionary appeal but before this Court granted the application. This appeal was docketed as Case No. S16A1248. Husband also filed an application to appeal the trial court's order denying his request for an order to produce him at the motion hearing, which this Court dismissed. Pursuant to OCGA § 5-6-34 (d), that alleged error may now be argued in these appeals.

### Case No. S16A1248

1. Husband filed a notice of appeal of the trial court's order denying his motion to set aside after he filed his application for discretionary appeal but before this Court granted the application. Thus, the notice of appeal, though premature, was timely. See *Todd v. Todd*, 287 Ga. 250, 253 (1) (703 SE2d 597) (2010); *Mixon v. Mixon*, 278 Ga. 446 (1) (603 SE2d 287) (2004); *Wannamaker v. Carr*, 257 Ga. 634, 635 (1) (362 SE2d 53) (1987). The trial court lacked jurisdiction to dismiss the appeal as only this Court had jurisdiction over the appeal once the application for appeal was filed. See OCGA § 5-6-48. See also *In the Interest of B. R. F.*, 299 Ga. 294, 295, n. 5 (788 SE2d 416) (2016). Accordingly, the trial court's February 16, 2016 order dismissing Husband's appeal is vacated.

---

[1] Apparently, Wife's restored maiden name was used in the previous filing.

*Case No. S16A1250*

2. Husband claims that despite his repeated efforts and due diligence to determine the outcome of the divorce proceeding, he was not provided a copy of the final judgment until the trial court sent him a copy on October 2, 2014, after he inquired about the status of the case. On October 23, 2014, Husband filed a motion to set aside the final judgment on the ground that he was not notified of the judgment until October 2. The trial court denied the motion by order dated November 6, 2014, without making any findings on the issue of notice. As noted above, this Court vacated that order and remanded for the trial court to make findings on the issue of whether notice of the judgment was given, and in its opinion this Court made express reference to OCGA § 15-6-21 (c). See *Wright v. Young*, supra. In fact, in this earlier opinion, this Court instructed that " '[t]he issue is not whether the losing party had knowledge that the judgment was entered, but rather whether the duty imposed on the court in OCGA § 15-6-21 (c) was carried out.' [Cit.]" Id. at 684. On remand, however, the trial court entered an order that made no finding as to whether the court's statutory duty was carried out. Instead, the court found it was the Wife's attorney's normal business practice to serve both parties with a copy of the final judgment and decree in a divorce case; that there is no evidence Wife's counsel did not provide notice to Husband at the time the judgment was entered; and therefore found notice was given to Husband. Again, Husband's motion to set aside was denied.

OCGA § 15-6-21 (c), however, requires the trial court to provide notice of judgments to the parties. See *Wal-Mart Stores, Inc. v. Parker*, 283 Ga. App. 708 (642 SE2d 387) (2007). The determination to be made on a motion to set aside a judgment is not whether the party knew or should have known that a judgment had been entered, but whether the trial court carried out its statutory duty to notify the party. Id. at 710. See also *Kendall v. Peach State Machinery, Inc.*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994) (physical precedent only), and other cases cited in *Wright v. Young*, supra, 297 Ga. at 684. If the court failed to provide a party with proper notice of a judgment, the party's recourse is to file a motion to set aside, which is what Husband did in this case. See *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 894 (1) (525 SE2d 731) (1999).

The order entered on remand in this case made no findings with respect to whether the trial court provided notice as required by statute, and therefore the order is reversed and the matter is remanded for further consideration of Husband's motion to set aside in accordance with this opinion. If, on remand, the court finds the statute

requiring the court to give the parties notice of the divorce judgment was not followed, Husband's motion to set aside should be granted. See *Wright v. Young*, supra. The final judgment should then be reentered with notice provided to Husband as required by the statute, and Husband will then have the required time to file a notice of appeal.

3. Husband, an incarcerated prisoner, filed a pleading asking to be produced to the court so he could be present at the hearing on the notice issue. That request was denied. Because we have reversed the order resulting from the hearing, we need not address this issue. Further, because the trial court may determine it is unnecessary to hold a hearing on the sole issue raised by Husband's motion (see Division 2), the issue of Husband's presence at a hearing on his motion to set aside may not recur.

*Judgment vacated in Case No. S16A1248. Judgment reversed and case remanded in Case No. S16A1250. All the Justices concur.*

DECIDED NOVEMBER 7, 2016.

Willie Frank Wright, Jr., *pro se.*
Kenya L. Young, *pro se.*