**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 22, 2018**

# In the Court of Appeals of Georgia

A18A0471. MCCURLEY v. THE STATE.

ANDREWS, Judge.

Matthew Ryan McCurley was found guilty by a jury of various traffic offenses including driving a vehicle under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1). He filed a timely motion for a new trial which was denied by the trial court on July 18, 2014. On January 15, 2016, McCurley filed a motion which asserted: (1) that he never received notice from the court of the July 18, 2014 order denying his motion for a new trial; (2) that on November 18, 2014, the trial court filed an order granting him an out-of-time appeal based on the court's finding that he did not receive notice of the court's July 18, 2014 order; and (3) that he never received notice or a copy of the court's November 18, 2014 order granting him an out-of-time appeal. Based on these assertions, the motion sought an order from the trial court

setting aside the July 18, 2104 order denying his motion for new trial and re-entering the order so that he has 30 days from the re-entered order to file a direct appeal from his traffic offense convictions. McCurley filed this direct appeal from the trial court's August 9, 2017 order denying the January 15, 2016 motion. *Pierce v. State*, 289 Ga. 893, 893 (717 SE2d 202) (2011) (denial of motion asserting lack of notice of appealable order is directly appealable). For the following reasons, we affirm.

1. McCurley claims that, because the trial court failed to provide him with notice of its orders as required by OCGA § 15-6-21 (c), the court erroneously denied him the right to file the out-of-time appeal granted by the court, and erroneously denied his motion to set aside and re-enter the court's order denying his motion for new trial.

Under OCGA § 15-6-21 (c), "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." The court's duty to give notice under OCGA § 15-6-21 (c) applies to decisions on motions and final judgments. *Wright v. Young*, 297 Ga. 683, 683 (777 SE2d 475) (2015). Pursuant to OCGA § 5-6-38 (a), any appeal from a judgment of conviction in a criminal case must be filed within 30 days after the entry of the order finally disposing of the motion for

new trial. Where a criminal defendant claims that the notice required by OCGA § 15-6-21 (c) was not given after entry of the appealable order denying a motion for new trial, the proper process is for the defendant to file a motion in the trial court to set aside the order or to request an out-of-time appeal. *Veasley v. State*, 272 Ga. 837, 838-839 (537 SE2d 42) (2000). When the required notice is not given, the trial court should: (1) grant the motion to set aside and re-enter the order, which gives the defendant a new 30 day appeal period from the re-entered order; or (2) grant the request for an out-of-time appeal, which gives the defendant 30 days from the grant to file an appeal. Id. at 838; *Rowland v. State*, 264 Ga. 872, 876 (452 SE2d 756) (1995). In considering the motion to set aside or the request for an out-of-time appeal, the determination for the trial judge "is not whether the [defendant] knew or should have known that [the appealable order] had been entered, but whether the trial court carried out its statutory duty to notify the [defendant]." *Wright v. Wright*, 300 Ga. 114, 116 (793 SE2d 96) (2016). The duty to notify under OCGA § 15-6-21 (c) requires only that the trial court give notice to the losing party. *Wright,* 297 Ga. at 684 n.3. "If the trial court has in fact given notice, then a motion to set aside [or a request for an out-of-time appeal] may be properly denied whether or not the losing party actually received the notice." Id.

The record shows that, after the trial court entered an order on July 18, 2014 denying McCurley's motion for new trial, the court entered an order on November 18, 2014 which stated that "by the agreement and consent of both parties" McCurley was granted an out-of-time appeal "because neither Defendant nor his attorneys received a copy of the Court's [July 18, 2014 appealable order] in this matter." As set forth above, McCurley filed a motion on January 15, 2016 which claimed that he did not receive the required notice of these orders and seeking an order setting aside and re-entering the court's order denying his motion for new trial.

The trial court held an evidentiary hearing on the January 15, 2016 motion where evidence showed that, based on the representation by McCurley's attorneys to the prosecutor that they did not receive notice of the trial court's order denying the motion for new trial, the court entered an order, consented to by the parties, granting McCurley an out-of-time appeal. The trial court's administrative assistant testified at the hearing that, on the day the judge signed the order granting the out-of-time appeal, he mailed a copy of the order to both of McCurley's attorneys at the addresses listed for the attorneys in the court's records. The trial court's order denying the January 15, 2016 motion found that the court's administrative assistant timely mailed the order granting the out-of-time appeal to McCurley's attorneys, and that the court's records

4

did not contain any indication that these mailings were returned. Based on this record, the issue presented by McCurley's motion was whether the trial court carried out its duty under OCGA § 15-6-21 (c) to notify McCurley of the court's entry of the order granting the out-of-time appeal. We find that the court's order denying the motion contained findings supported by evidence in the record sufficient to support denial of the motion on the basis that the court satisfied its duty to notify under OCGA § 15-6-21 (c). McCurley's right to file an out-of-time appeal from his conviction on the traffic offenses expired 30 days after entry of the court's order granting the out-of-time appeal. *Rowland*, 264 Ga. at 876.

2. Although McCurley argues that errors occurred during the trial of the charged offenses, his appellate brief concedes that, in the absence of a timely appeal from the judgment of conviction, there is no basis to assert the alleged errors in this appeal.

*Judgment affirmed. Miller, P. J., and Brown, J. concur*.

5