**THIRD DIVISION**
**GOBEIL,**
**COOMER, and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2019**

# In the Court of Appeals of Georgia

A18A1533, A18A1534. WILLIAMS v. MEDINGER; and vice versa.

COOMER, Judge.

In July 2012, Ron Medinger sued Michael Williams and Waba, Inc. alleging various claims arising out of an asset purchase agreement. The case proceeded over several years through discovery but was stayed in 2013 by a bankruptcy action initiated by Waba. In May 2016, Medinger informed the trial court and Williams's attorney that he intended to proceed to trial with his claims against Williams even though his claims against Waba were stayed pursuant to the bankruptcy proceedings. In July 2016, Williams's attorney filed a motion to withdraw as counsel to Williams and Waba due in part to Williams's lack of communication and involvement in the case. Neither Williams nor Waba opposed the motion and the trial court granted the

attorney's motion to withdraw in August 2016. Notice that a trial date had been set for 9:00 a.m. in November 2016 was mailed by the clerk of court to Williams's address on file with the court. When the case was called for trial, Medinger and his trial counsel were present and announced that they were ready to proceed, however, Williams was not present. Medinger, through counsel, moved to strike Williams's answer, and the trial court granted the motion. The trial court entered a default judgment against Williams on the issue of liability, and the case was tried on the issue of damages before a jury. The jury returned a verdict in favor of Medinger and awarded damages. The trial court entered a final judgment against Williams on November 28, 2016. The record indicates that a copy of the final judgment was electronically mailed to Williams's former attorney, however the email address listed for Williams's former attorney was incorrect.

In 2017, Williams filed a motion to set aside the judgment entered against him, a motion to open default, and an extraordinary motion for new trial. Following a hearing on the motions, the trial court granted Williams's motion to set aside judgment because a copy of the final judgment was not mailed to him, but then re-entered the final judgment that same day. The trial court also denied Williams's motion to open default and extraordinary motion for new trial. In Case No.

2

A18A1533, Williams appeals the trial court's denial of his extraordinary motion for new trial and motion to open default, and the re-entering of judgment against him. In Case No. A18A1534, Medinger appeals the trial court's order granting William's motion to set aside judgment.

Case No. A18A1533

1. Williams argues that the trial court abused its discretion by denying his extraordinary motion for new trial and motion to open default because he never received the notice of the November 2016 trial date. Williams alleges that he is without fault for not appearing for trial because he moved from Tustin, California in Orange County to San Diego County in 2013, the trial notice was sent to his old address, he was not personally notified of his attorney's withdrawal from the case, and his former counsel failed to communicate with him about the case or the possibility of an upcoming trial date. These allegations are belied by the record.

OCGA § 5-5-41 provides that "[w]hen a motion for a new trial is made after the expiration of a 30 day period from the entry of judgment, some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court." "An extraordinary motion for new trial which is based on the failure of the defendant and his counsel to appear for trial must set forth facts

3

showing providential cause therefor and must also set forth a meritorious defense to the plaintiff's claim." *Covington v. Saxon*, 163 Ga. App. 646, 646-47 (1) (295 SE2d 105) (1982) (citations omitted). "[B]ut, in the absence of any showing of an abuse of its discretion, the trial court's judgment refusing the extraordinary motion will not be disturbed, where such motion is based on the movant's alleged failure to receive notice . . . of which it was his duty to keep himself apprised under the circumstances in this case." *Graham v. Harper*, 88 Ga. App. 763, 763 (77 SE2d 776) (1953) (citation omitted). Additionally, "[when a trial court grants a plaintiff's motion in open court to strike a non-appearing defendant's pleadings, and where the defendant has submitted no transcript of the hearing, the defendant has failed to show legal error, and the judgment by default must be affirmed." *Collier v. American Express Centurion Bank*, 306 Ga. App. 376, 376-377 (2) (702 SE2d 640) (2010) (citations omitted).

The record reflects that Williams was originally served the complaint at his address in Tustin, California. In three separate pleadings filed by Williams in this case, Williams admits the Tustin, California address is his residence and that he could be served there. The record further shows that throughout the pendency of the bankruptcy proceedings through 2017, Williams continued to list the Tustin,

4

California address as his mailing address. Williams's former attorney, moreover, testified that he could not recall Williams notifying him of a change of address or Williams ever providing a mailing address other than the Tustin, California address. Williams's former attorney further testified that in June 2016, he emailed Williams and attached a notice of his intent to withdraw as counsel, and informed Williams of his burden to, *inter alia*, keep the court informed as to where notices may be served. Williams admits that he received the email from his attorney regarding his intent to withdraw from the case, but he claims that the email went to his spam folder and he did not see it. The record shows that the Tustin, California address is the only address on file with the court for Williams.

Despite Williams's argument that in a September 2013 email he informed his former attorney that he had moved, the record is void of any indication that Williams notified the trial court or clerk of court of his alleged moved nor does the record show that Williams has ever provided to the trial court his new address. "It was the duty of the defendants-appellants to keep themselves apprised of the time of the trial under the circumstances, which they failed to do." *Rosenberg v. Mossman*, 140 Ga. App. 694, 696 (2) (231 SE2d 417) (1976) (citation omitted).

Extraordinary motions for new trial rest "largely within the discretion of the trial court, whose judgment will not be interfered with unless that discretion has been manifestly abused." *Windsor Forest, Inc. v. Rocker*, 121 Ga. App. 773, 774 (3) (175 SE2d 65) (1970) (citations omitted). As shown above, Williams failed to inform the court, the clerk, the parties and counsel of his new address. Therefore, Williams was not without fault in failing to appear, for his noticed trial. *See Clements v. Trust Co. Bank of Middle Georgia*, 171 Ga. App. 600, 600 (1) (320 SE2d 576) (1984) (no abuse of discretion where trial court found appellant had been represented by counsel, that counsel had received notice of the trial, and that counsel's efforts to inform appellant of the trial date had been unsuccessful even though appellant had the same mailing address at all pertinent times).

Additionally, Williams's motion to open default was also properly denied because it was made after the final judgment was entered. "It is well established that prior to entry of final judgment in a default situation, the proper motion by the defaulting party is a motion to open default pursuant to OCGA § 9-11-55 (b); once final judgment is entered, the provisions of OCGA § 9-11-55 (b) are inapplicable[.]"

*Smithson v. Harry Norman, Inc.*, 192 Ga. App. 796, 796 (1) (386 SE2d 546) (1989) (citation omitted). From these facts, we cannot say the trial court abused its discretion in denying Williams's motions.

2. Because we find the trial court did not abuse its discretion in denying Williams's motions for failure to appear at trial, we need not address Williams's remaining enumerations.

Case No. A18A1534

3. In his cross-appeal, Medinger argues the trial court erred in granting Williams's motion to set aside judgment because the final judgment was sent to Williams as required by OCGA § 15-6-21 (c). We disagree and affirm.

The record reflects that following the jury trial, the trial court entered a final judgment on November 28, 2016. Counsel for Medinger received a copy of the final judgment and saw that a copy of the judgment had been mailed to Williams's former attorney instead of Williams's listed address. Medinger's attorney, aware that Williams's attorney had withdrawn as counsel from the case prior to trial, sent a copy to Williams's last known address in Tustin, California. Months later, Williams filed a motion to set aside the judgment on the grounds that the judgment had not been mailed to him as required by OCGA § 15-6-21 (c). Following a hearing, the trial court

7

granted the motion to set aside the judgment and then re-entered judgment to allow a new 30 day period for Williams to appeal. Medinger appeals the re-entry of the final judgment.

"Under the Civil Practice Act, a judgment cannot be set aside, based upon OCGA § 9-11-60 (d), unless the grounds relied upon are unmixed with the negligence or fault of the movant." *Young Const., Inc. v. Old Hickory House No. 3, Inc.*, 210 Ga. App. 559, 561 (2) (b) (436 SE2d 581) (1993) (citations omitted). OCGA § 15-6-21 (c) provides in pertinent part that "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." "Although OCGA § 15-6-21 refers to notice for decisions made on motions, its logic also applies to final judgments." *Wright v. Young*, 297 Ga. 683, 683 (777 SE2d 475) (2015) (citation omitted). In the instant case, the issue is not whether Williams had knowledge that the final judgment was entered, but rather whether the duty imposed on the trial court in OCGA § 15-6-21(c) was carried out. *See Kendall v. Peach State Machinery, Inc.*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994) (physical precedent only). "If the trial court finds the statute's requirements were not met, the earlier judgment must be set

8

aside before judgment is re-entered to commence a new 30-day period for appeal."
*Id.*

Medinger argues that the requirements of OCGA § 15-6-21 (c) were met because his counsel, as an officer of the court, sent the final judgment to Williams's last known address. Medinger contends that by sending Williams the final judgment, Medinger's counsel was acting on behalf of the trial court. However, Medinger does not argue, and we cannot find any authority that suggests the trial court satisfies its obligation under the statute where a copy of the final judgment is sent to the losing party by a third party and where the third party is not acting under the trial court's express direction. *Compare Woods v. Savannah Rest. Corp.*, 267 Ga. App. 387, 388 (599 SE2d 338) (2004) (requirements met where counsel was acting on the trial judge's behalf when, in response to the trial court's directions, he mailed a copy of the final judgment to the losing party).

Consequently, the trial court did not abuse its discretion in finding that it did not meets its statutory requirement to notify Williams of the final judgment and setting aside the judgment. Because the trial court found that it failed to meet its notice requirements under with OCGA § 15-6-21 (c) with regard to the final judgment, it was authorized to grant Williams's motion to set aside and re-enter the

9

final judgment. *See Wright v. Wright*, 300 Ga. 114, 116-117 (2) (793 SE2d 96) (2016). *See also Pierce v. State*, 289 Ga. 893, 895 (2) (717 SE2d 202) (2011).

*Judgment affirmed. Gobeil and Hodges, JJ., concur*.