# Court of Appeals
# of the State of Georgia

ATLANTA,  April 18, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0397. DANIEL CASTLEBERRY v. D. VICTOR REYNOLDS, DISTRICT ATTORNEY.

Daniel Castleberry filed this application for discretionary appeal, seeking appellate review of an undated form issued by the Clerk of the Cobb County Superior Court.[1]  The form indicates that certain unidentified "enclosed" papers are being returned because they are not in the "proper format" and because no inmate account summary was attached to the papers.  We lack jurisdiction.

Absent a trial court order signed by a trial court judge and entered by the trial court clerk, there is nothing for this Court to review.  See, e.g., *Cameron v. Miles*, 304 Ga. App. 161, 163 (695 SE2d 691) (2010) (an order is final and appealable when "it is reduced to writing, signed by the judge, and filed with the clerk," and "only an 'entered' decision or judgment" is appealable) (punctuation omitted); accord OCGA §§ 5-6-35 (c) (a party filing an application for discretionary review "shall include as exhibits to the petition a copy of the order or judgment being appealed"); 9-11-58 (b) ("The filing with the clerk of a judgment, signed by the judge, with the fully completed civil case disposition form constitutes the entry of the judgment . . . ."); Court of Appeals Rule 31 (c) ("Discretionary applications must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought."); *Castleberry v. Reynolds*, No. S19D0672 (Feb. 14, 2019) (the Supreme Court lacks jurisdiction to review forms completed by this Court's Clerk's Office providing

---

[1] Castleberry initially filed his application in the Supreme Court, which transferred the matter to this Court.

reasons for returning a discretionary application Castleberry attempted to file in this Court, absent an "official order from the Court of Appeals for [the Supreme] Court to review"). To the extent that Castleberry's application may be construed as a petition for a writ of mandamus to be directed to the Clerk of the Cobb County Superior Court, Castleberry must seek such relief in the superior court in the first instance. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010). Consequently, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/18/2019_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*