# Court of Appeals
# of the State of Georgia

ATLANTA,  July 13, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1676. RANDY MAINE v. THE STATE.**

In April 2018, Randy Maine was convicted of family violence aggravated assault and aggravated battery. Maine did not file a direct appeal from his conviction. Almost two years later, in March 2020, Maine filed a pro se "Motion to Modify Sentence." On May 11, 2021, the trial court denied the motion, finding it lacked jurisdiction to modify Maine's sentence,[1] and Maine filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Here, Maine was sentenced to twenty years for family violence aggravated assault and ten years for aggravated battery, and these sentences fall within the applicable statutory ranges. See OCGA §§ 16-5-21; 16-5-24. Moreover, a direct appeal does not lie from the

---

[1] The court initially denied Maine's motion in an order entered on May 8, 2020, but re-entered its order at Maine's request pursuant to *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n.3 (777 SE2d 475) (2015), because it was unclear if Maine timely received notice of the May 8 order.

denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion to modify his sentence, Maine argued that he should have been sentenced to less time because the charges arose out of mutual combat, his convictions should have merged, and the indictment failed to establish venue. These contentions challenge the validity of his underlying convictions and do not state colorable void-sentence claims. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."); *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (merger claim challenges criminal conviction, not sentence). To the extent that Maine's motion could be construed as a motion to vacate his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); accord *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  07/13/2021

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.