**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 25, 2023**

# In the Court of Appeals of Georgia

A23A0224.  GARCIA-DIAZ  v.  WOMEN'S  SPECIALISTS  OF NORTH GEORGIA, INC.

RICKMAN, Chief Judge.

In October 2021, Lorena Garcia-Diaz filed an employment-related lawsuit against Women's Specialists of North Georgia, Inc. Women's Specialists filed a motion to dismiss the lawsuit and following a hearing, the trial court granted the motion. Although the trial court announced its ruling from the bench and informed the parties that its signed order granting the motion would be filed the same day, the filed order was never sent to the parties. After the statutory period for filing a notice of appeal had passed without her having been sent a copy of the dismissal order,

Garcia-Diaz filed a motion pursuant to OCGA § 9-11-60 (b)[1] and (g),[2] requesting that the trial court correct the clerical error by setting aside the order and reentering judgment so as to provide her with the opportunity to file a timely appeal from that order.

The trial court denied Garcia-Diaz's motion. In so doing, the court acknowledged that the dismissal order had not been sent due to "an IT issue or an oversight on the part of her staff." Nevertheless, the judge declined to set aside the order because "regardless of the actual service issue, . . . the [c]ourt carried out its duty . . . when she ruled orally [from the bench] and told the parties the [dismissal order] would be filed that day." It is from this order that Garcia-Diaz now appeals.

1. Women's Specialists argues that this Court lacks jurisdiction to consider the appeal because Garcia-Diaz failed to file an application pursuant to OCGA § 5-6-35 (a) (8) (mandating applications for "[a]ppeals from orders under [OCGA § 9-11-60

---

[1] "A judgment may be attacked by motion for a new trial or motion to set aside." OCGA § 9-11-60 (b).

[2] "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." OCGA § 9-11-60 (g).

2

(d)[3]] denying a motion to set aside a judgment"). But Garcia-Diaz clearly filed her motion pursuant to OCGA § 9-11-60 (b) and (g)—not (d)—seeking to correct a "[c]lerical mistake[ ] . . . arising from oversight or omission." OCGA § 9-11-60 (g). An order denying such a motion is directly appealable. See *Crawford v. Kroger Co.*, 183 Ga. App. 836, 836 (1) (360 SE2d 274) (1987).

2. Garcia-Diaz contends that the trial court erred by refusing to correct the clerical mistake by setting aside the dismissal order and reentering judgment because by the court's own admission, the filed order was never sent to the parties. We agree.

Georgia law requires that, "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision."[4] OCGA § 15-6-21 (c); see *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (1) (269 SE2d 426) (1980), disapproved in part on other grounds by *Wright v. Young*, 297 Ga. 683 (777 SE2d 475) (2015). This rule applies equally to decisions made on motions and to final judgments. See

---

[3] OCGA § 9-11-60 (d) governs motions to set aside based upon "(1) [l]ack of jurisdiction over the person or the subject matter; (2) [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) [a] nonamendable defect which appears upon the face of the record or pleadings."

[4] A party can waive his or her right to notice under OCGA § 9-11-5 (a) by failing to file pleadings. See OCGA § 15-6-21 (c).

*Wright,* 297 Ga. at 683. "This statutory duty is mandatory, . . . even if a party had actual or constructive notice of the judgment by other means." *Rampersad v. Plantation at Bay Creek Homeowners Association, Inc*., 362 Ga. App. 329, 335 (3) (c) (868 SE2d 475) (2022); see *Wright v. Wright*, 300 Ga. 114, 116 (2) (793 SE2d 96) (2016) ("The determination to be made on a motion to set aside a judgment is not whether the party knew or should have known that a judgment had been entered, but whether the trial court carried out its statutory duty to notify the party."). Thus, "[w]hen notice of the entry of an appealable order is not given, the losing party should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30 day appeal period would begin to run again." *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000).

Despite the fact that the trial court orally informed the parties of its ruling and signed the dismissal order at the bench, the court did not notify Garcia-Diaz once the judgment had been entered. See generally *Cameron v. Miles*, 304 Ga. App. 161, 162-163 (695 SE2d 691) (2010) ("An oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk. This constitutes entry. And it is only an entered decision or judgment which is appealable.") (citation and punctuation omitted). Thus, the court did not satisfy its

4

duty under OCGA § 15-6-21 (c). See *Cambron,* 246 Ga. at 147-149 (1). To hold otherwise would place the burden on Garcia-Diaz to ascertain when the judge's order had been filed with the clerk, which would result in a burden shifting that the Supreme Court of Georgia has previously rejected. See id. (rejecting argument that the burden is on the appealing party to ascertain when the trial judge's decision has been entered or filed with the clerk); see also *Wal-Mart Stores, Inc. v. Parker*, 283 Ga. App. 708, 708-710 (642 SE2d 387) (2007). Accordingly, we reverse the trial court's order denying Garcia-Diaz's motion pursuant to OCGA § 9-11-60 (b) and (g). Upon remand, the trial court should set aside the order and re-enter judgment, whereupon the 30 day appeal period will begin to run anew.

*Judgment reversed and case remanded with direction. Dillard, P. J., and Pipkin, J., concur.*