# Court of Appeals
# of the State of Georgia

ATLANTA,  September 28, 2023

*The Court of Appeals hereby passes the following order:*

**A24I0028. JULIA LAVONNE FISCHEL v. THE STATE.**

On August 10, 2023, the trial court denied Julia Lavonne Fischel's motion to suppress evidence obtained as a result of a warrantless search of a vehicle in which she was a passenger. The trial court issued a "Consent Certificate for Immediate Review" on September 1, 2023, and Fischel filed this application for interlocutory review on September 7, 2023. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court "certifies within ten days of entry" of the order at issue that immediate review should be had. The requirements of OCGA § 5-6-34 (b) are jurisdictional, and if the party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). Here, Fischel obtained her certificate of immediate review 22 days after the trial court entered its order, making it untimely.[1] This application is hereby DISMISSED for lack of jurisdiction.

---

[1] The certificate of immediate review notes that Fischel did not receive a copy of the order denying her motion to suppress. If this is correct, Fischel's remedy is to petition the trial court to vacate and re-enter the order under OCGA § 9-11-60 (g). See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684 n.3 (777 SE2d 475) (2015).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __09/28/2023_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*