## S93A0882. MOORE v. THE STATE.
### (436 SE2d 201)

HUNSTEIN, Justice.

This case is here on interlocutory appeal from the trial court's denial of Moore's speedy-trial challenge to being resentenced.

Moore was convicted in 1977 for the murder of Teresa Carol Allen and sentenced to death. We affirmed the conviction and sentence in *Moore v. State*, 240 Ga. 807 (243 SE2d 1) (1978). Nine years later, the Eleventh Circuit Court of Appeals set aside the death sentence. *Moore v. Kemp*, 809 F2d 702 (11th Cir. 1987) (en banc). The Eleventh Circuit Court of Appeals remanded the case to the District Court for further hearing concerning the guilt phase of the original trial. Eventually, the District Court issued its ruling on remand. The Eleventh Circuit denied a certificate of probable cause. On March 20, 1989, the United States Supreme Court denied certiorari. Because of uncertainty on the part of the State as to whether a "mandate" would issue from the District Court after these federal appeals were exhausted, nothing more occurred in this case until November 16, 1990, when the State filed in the District Court a motion for an extension of time to resentence Moore. The grant of this motion was appealed by Moore, who argued to the Eleventh Circuit that the State was barred from subjecting him to another capital resentencing trial because the State had not tried him within the 180-day period provided for in the order granting the writ of habeas corpus as to sentence. In 1992, the Eleventh Circuit affirmed the grant of the extension of time. *Moore v. Zant*, 972 F2d 318 (11th Cir. 1992). Meanwhile, Moore filed in the superior court a motion to bar a death-penalty sentencing retrial on the ground that his constitutional right to a speedy trial had been violated. (This constitutional issue was not addressed by the Eleventh Circuit. Ibid.) The trial court withheld ruling on this issue until after the Eleventh Circuit ruled on the 180-day issue. Then, on February 2, 1993, the trial court denied Moore's motion.

1. Any delay between the original March 20, 1989 conclusion of the federal proceedings in this case and the November 16, 1990 recommencement of state proceedings pales in comparison with the total delay which has occurred since the original sentencing proceedings. It is difficult to see how Moore has been prejudiced by the relatively slight additional delay about which he now complains. At no time during the relevant interval did Moore demand a prompt sentencing. Moreover, when the State became aware of its misunderstanding regarding the federal mandate, it promptly initiated resentencing proceedings. Assuming that the Sixth Amendment right to a speedy trial encompasses a right to a speedy sentencing, see *Pollard v. United States*, 352 U. S. 354 (77 SC 481, 1 LE2d 393) (1957), the trial court did not err by concluding that Moore's Sixth Amendment

right to a speedy trial was not violated. *Harrison v. State*, 257 Ga. 528 (2) (361 SE2d 149) (1987); *United States v. Howard*, 577 F2d 269 (5th Cir. 1978). See *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

2. The state is not prohibited on double-jeopardy grounds from resentencing Moore to death. *Spraggins v. State*, 255 Ga. 195 (336 SE2d 227) (1985).

*Judgment affirmed. All the Justices concur, except Benham, J., who concurs in the judgment only.*

DECIDED NOVEMBER 1, 1993 —
RECONSIDERATION DENIED DECEMBER 2, 1993.

*Stephen B. Bright, Althea L. Buafo, Michael Mears, Barry J. Fisher,* for appellant.

*Tommy K. Floyd, District Attorney, Jill Banks, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.