In the Supreme Court of Georgia

Decided: November 3, 2014

S14A1648. MCGEE v. THE STATE.
S14A1649. MCGEE v. THE STATE.

MELTON, Justice.

On January 31, 2001, Jeffrey Vincent McGee pled guilty to malice murder, aggravated battery upon a peace officer, and possession of a firearm by a convicted felon in connection with the January 20, 1999 shooting death of police officer Robbie Bishop. The trial court sentenced McGee, in relevant part, to life without the possibility of parole for malice murder and twenty years for aggravated battery to run concurrent with the malice murder sentence. Over thirteen years later, on February 10, 2014, McGee filed a motion to withdraw his guilty plea, which motion the trial court denied without a hearing on February 11, 2014. McGee then filed a motion for an out-of-time appeal on May 1, 2014, which the trial court denied without a hearing on May 6, 2014. In Case No. S14A1648, McGee appeals pro se from the denial of his motion to withdraw his guilty plea. In Case No. S14A1649, McGee appeals pro se from the denial of his

motion for an out-of-time appeal. For the reasons that follow, we affirm in Case No. S14A1648 and we vacate and remand in Case No. S14A1649.

*Case No. S14A1648*

1. "It is well settled that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea." Henry v. State, 269 Ga. 851, 853 (1) (507 SE2d 419) (1998). Here, McGee's motion to withdraw his plea was clearly untimely, as it was filed several years after the trial court had already lost its authority to allow the withdrawal of the plea. The trial court therefore properly denied McGee's motion without conducting a hearing. Brown v. State, 280 Ga. 658 (1) (631 SE2d 687) (2006).[1]

*Case No. S14A1649*

2. McGee contends that he was improperly sentenced on both the malice murder and aggravated battery counts against him, where the aggravated battery

[1] Nor did the trial court err by failing to appoint counsel to assist McGee in pursuing the untimely motion to withdraw, as "[a] court does not abuse its discretion by denying a motion seeking appointed counsel to assist in the filing of an untimely motion to withdraw over which the court will lack jurisdiction." (Footnote omitted.) Barnes v. State, 293 Ga. 365, 366 (744 SE2d 795) (2013).

count should have merged as a matter of fact with the malice murder count. See OCGA § 16-1-7. See also Givens v. State, 294 Ga. 264, 269 (6) (751 SE2d 778) (2013) (Where the "remaining charges merged [with the defendant's malice murder charge] as a matter of fact, there was no reason for the trial court to sentence [the defendant] on any conviction other than malice murder"). In connection with this argument, McGee also asserts that his trial counsel was ineffective for having failed to recognize this issue and for having failed to properly pursue it through a direct appeal. While McGee has not challenged his actual sentence through the appropriate means (see Nazario v. State, 293 Ga. 480 (746 SE2d 109) (2013) ("[A] motion to vacate a conviction is not an appropriate remedy in a criminal case." Harper v. State, 286 Ga. 216, 216 (686 SE2d 786) (2009). Instead, such a challenge — including a merger claim — may be considered only in a traditionally recognized proceeding to challenge a criminal conviction: a direct appeal of the conviction; an extraordinary motion for new trial, see OCGA § 5-5-41; a motion in arrest of judgment, see OCGA § 17-9-61; or a petition for habeas corpus") (citations omitted)), he is correct in his assertion that the trial court should have conducted a hearing to determine whether McGee's failure to pursue a timely direct appeal was the result of

3

counsel's ineffectiveness. See, e.g., <u>Nesbitt v. State</u>, 295 Ga. App. 394 (671 SE2d 877) (2008). Indeed, assuming without deciding that there was an error relating to McGee's sentencing, the record does not reveal whether McGee or his counsel bore the responsibility for the failure to file a timely direct appeal to properly address this issue. We therefore vacate the trial court's decision to deny McGee's motion for an out-of-time appeal without conducting a hearing and remand this case to the trial court for consideration of McGee's claim of ineffective assistance of counsel. See id.

<u>Judgment affirmed in Case No. S14A1648. Judgment vacated and case remanded in Case No. S14A1649. All the Justices concur.</u>