301 Ga. 169
FINAL COPY

S17A0460. McGEE v. THE STATE.

MELTON, Presiding Justice.

Jeffrey Vincent McGee appeals from the Superior Court of Carroll County's denial of his motion in arrest of judgment, which McGee filed nearly 15 years after having pled guilty to malice murder, aggravated battery, and possession of a firearm by a convicted felon in connection with the shooting death of Robbie Bishop, a police officer.[1] We affirm.

By way of background, McGee pled guilty to the crimes on January 31, 2001, which was during the January 2001 term of court for Carroll County. OCGA § 15-6-3 (14) (A). This court term expired on Monday, April 2, 2001. Id. Thirteen years later, on February 10, 2014, McGee filed a pro se Motion to Withdraw his Guilty Plea, which the trial court denied on February 11, 2014, as

---

[1] McGee was sentenced to life without the possibility of parole for malice murder, twenty years for aggravated battery, and five years for possession of a firearm by a convicted felon. The aggravated battery and possession of a firearm sentences were to run concurrently with each other and concurrently with the malice murder sentence.

the court did not have jurisdiction to consider it. See Henderson v. State, 295 Ga. 333, 337 (2) (759 SE2d 827) (2014) ("When the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea") (citations and punctuation omitted).

McGee filed a motion for out-of-time appeal on May 1, 2014, which the trial court denied without a hearing on May 6, 2014. McGee appealed to this Court to challenge the trial court's denial of his motion to withdraw his guilty plea and the denial of his motion for an out of-time-appeal. See McGee v. State, 296 Ga. 353 (1) (765 SE2d 347) (2014) ("McGee I"). In McGee I, this Court upheld the trial court's ruling with respect to the denial of McGee's motion to withdraw his guilty plea, but vacated the trial court's ruling on the motion for out-of-time appeal and remanded the case to the trial court to conduct a hearing to resolve the issue of whether McGee or his counsel bore the responsibility for the failure to file a timely direct appeal to resolve an issue regarding whether McGee had been improperly sentenced on both the malice murder and aggravated battery counts against him. Id. at 354 (2). On remand, the trial court denied McGee's motion for an out-of-time appeal in a June 2, 2015 order, and

this Court dismissed McGee's attempted appeal from that order, as his notice of appeal was untimely filed.

On July 10, 2015, McGee filed a pro se Motion in Arrest of Judgment. Thereafter, on August 12, 2015, McGee filed a pro se Notice of Intention to Withdraw Guilty Plea and Dissolve the Negotiated Plea Agreement. Appellate counsel filed an entry of appearance in McGee's case on November 16, 2015, and, on February 29, 2016, filed an Amended Motion in Arrest of Judgment, which consolidated McGee's previous pro se motions. The trial court denied McGee's consolidated motions in arrest of judgment in a March 31, 2016 order.

McGee now appeals from the trial court's denial of his amended motion in arrest of judgment, claiming that his original plea agreement was invalid based on the trial court having originally sentenced him for both malice murder and aggravated battery. However,

> [w]e need not decide the merits, because [McGee's] motion was untimely, whether considered as a motion to withdraw his guilty plea or as a motion in arrest of judgment. Both sorts of motions must be filed within the same term of court at which the guilty plea or judgment being challenged was entered. See Rubiani v. State, 279 Ga. 299, 299 (612 SE2d 798) (2005) ("'[W]hen the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.'" (citation omitted)); OCGA § 17-9-61 (b)

3

("A motion in arrest of judgment must be made during the term at which the judgment was obtained."); Lay v. State, 289 Ga. 210, 211 (710 SE2d 141) (2011) (same). [McGee's] motion was not filed within the same term at which his guilty plea and the resulting judgment were entered. Accordingly, we affirm the trial court's denial of [McGee's] motion.

Hagan v. State, 290 Ga. 353, 353 (720 SE2d 645) (2012).

Judgment affirmed. All the Justices concur.

Decided May 15, 2017.

Murder, etc. Carroll Superior Court. Before Judge Simpson.

R. Richard Parker, for appellant.

Peter J. Skandalakis, District Attorney, J. W. Hunt, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.