303 Ga. 622
FINAL COPY


S18A0274. USHER v. THE STATE.


BLACKWELL, Justice.

In September 2003, Johnny O'Neal Usher pleaded guilty and was convicted of murder, rape, and burglary. He did not appeal his convictions at that time. Fourteen years later, he filed a motion for leave to take an out-of-time appeal, but the court below denied his motion. Usher appeals the denial of his motion, and we affirm.

When a defendant seeks leave to pursue an out-of-time appeal from a conviction entered upon a guilty plea, he must show that the claims of error that he would raise in the out-of-time appeal would be resolved favorably to him based upon the existing record. See Mims v. State, 299 Ga. 578, 580 (1) (787 SE2d 237) (2016).[1] Usher has failed to make this showing. In his motion, Usher said that, if he were permitted to take an out-of-time appeal, he would assert that

---

[1] The reasons for this settled rule are discussed at length in Mims. See 299 Ga. at 579-581 (1).

his indictment was defective, that the court below accepted his plea without an adequate factual basis, that his plea was not knowing and voluntary, and that his plea counsel should have objected to the acceptance of his plea. The existing record, however, fails to sustain any of these claims of error.

Usher's primary complaint with respect to his indictment appears to be that the count charging him with murder in the commission of an aggravated assault was not detailed enough, but his "failure to file a timely special demurrer seeking additional information constitutes a waiver of the right to be tried on a perfect indictment." Dasher v. State, 285 Ga. 308, 310 (2) (676 SE2d 181) (2009). Nor has Usher shown that the indictment would not withstand a general demurrer. About the factual basis for his plea, the record shows that the prosecuting attorney stated an adequate factual basis at the plea hearing.[2] As for the knowing and voluntary nature of his plea, Usher contends that he was "mentally unstable" when he pleaded and "did not know what was going on

---

[2] The prosecuting attorney represented that the evidence would show that the 81-year-old victim hired Usher to complete some yard work for her, that — after the victim's husband left the home — Usher entered the home and assaulted and raped the victim, that the victim called 911 and was able to describe what had happened, that the victim died as a result of the blunt force trauma she sustained in the assault, that DNA evidence showed that semen left on the victim's body was Usher's, and that the victim's husband later identified both Usher and the car Usher had been driving on the day he raped and assaulted the victim.

around him," but the existing record fails to demonstrate any mental instability or lack of understanding that would call into question the voluntariness of his plea, and the transcript of the plea hearing shows that Usher indicated that he understood what he was charged with as well as each of the rights he was waiving by pleading guilty. Usher also claims that the plea court failed to advise him of his privilege against self-incrimination, but the record shows that Usher confirmed at the plea hearing that he understood his right not to "say, sign, or do anything that will tend to show that [he is] guilty of these charges." See Mims, 299 Ga. at 582 (2) (a), n.5 (holding that such language adequately advises a defendant of his privilege against self-incrimination). And the record does not establish that Usher was denied the effective assistance of counsel in connection with his plea.

Usher has failed to show that any of the claims of error that he would assert in an out-of-time appeal would be resolved favorably to him based upon the existing record. Accordingly, he has not shown that he is entitled to an out-of-time appeal, and the court below did not err when it denied his motion for an out-of-time appeal. The judgment below is affirmed.

Judgment affirmed. All the Justices concur.

3

Decided May 7, 2018.

Murder. Newton Superior Court. Before Judge Benton.

Johnny O. Usher, <u>pro se</u>.

<u>Layla H. Zon, District Attorney, Shaun J. Foley, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,</u> for appellee.