303 Ga. 743
FINAL COPY

S18A0509.  MOORE v. THE STATE.

HINES, Chief Justice.

Carzell Moore appeals from a trial court order rejecting his "Amended Motion for Out of Time Appeal."  For the reasons that follow, we affirm.

In 1977, Moore was convicted of the rape and murder of Teresa Allen, and sentenced to death.  *Moore v. State*, 240 Ga. 807 (243 SE2d 1) (1978).  In a federal habeas corpus case, Moore was granted a new sentencing proceeding.  See *Moore v. Kemp*, 809 F2d 702 (11th Cir. 1987); *Moore v. Zant*, 682 FSupp. 549 (M.D. Ga. 1988).  In the course of the new state sentencing proceeding, the State filed notice of its intent to seek the death penalty; Moore moved in the trial court to bar the State from seeking the death penalty, the trial court denied the motion, and this Court affirmed.  *Moore v. State*, 263 Ga. 586 (436 SE2d 201) (1993).  On June 18, 2002, Moore, assisted by counsel, pled guilty to rape and malice murder, and was sentenced to life imprisonment without the possibility

of parole under former OCGA § 17-10-30.1,[1] the trial court finding aggravating circumstances to exist surrounding the murder, including rape.

On June 22, 2017, Moore, acting pro se, filed a motion for an out-of-time appeal in the Superior Court of McDuffie County, alleging that the sentence of life without the possibility of parole was void, that his sentence contravened public policy, and that counsel who represented him during the 2002 plea and sentencing hearing was ineffective; Moore also moved that venue be changed to the Superior Court of Monroe County, which was granted. On September 20, 2017, addressing Moore's motion for an out-of-time appeal, the Superior Court of Monroe County denied the motion, finding that Moore had elected to enter his guilty pleas and accept a sentence of life imprisonment without the possibility of parole after discussing the matter with counsel "for some time prior to the hearing." The court also found that the sentence was not a void sentence, did not contravene public policy under OCGA § 17-10-16 and *Brantley v. State*, 268 Ga. 151, 153 (486 SE2d 169) (1997), and that Moore was not prejudiced by the sentence, as the State intended to seek the death penalty

---

[1]Sentences of life in prison without the possibility of parole are now governed by OCGA § 17-10-16.

2

and Moore benefitted from the pleas by not having to face it.

Moore did not file a notice of appeal from the September 20, 2017 order; rather, on October 3, 2017, he filed in the trial court what he styled an "Amended Motion for Out of Time Appeal."[2] On October 19, 2017, the court rejected the motion, finding that it was untimely in light of the trial court's September 20, 2017 denial of the initial motion; as to the merits, the court also ruled that there was no violation of Moore's due process rights during the 2002 hearing, and that Moore's 2002 trial counsel was not ineffective. On November 3, 2017, Moore filed his notice of appeal, specifying that it was taken from the October 19, 2017 order.

The trial court was correct to reject Moore's "Amended Motion for Out of Time Appeal." Moore was convicted and sentenced after he pled guilty to the charges of rape and malice murder. "When a defendant seeks leave to pursue an out-of-time appeal from a conviction entered upon a guilty plea, he must show that the claims of error that he would raise in the out-of-time appeal would

_____

[2] In this motion, Moore stated that he was incorporating his original motion and added a claim asserting that his due process rights were violated during the 2002 resentencing hearing in that the court did not specify which crime served as the basis for his sentence of life without the possibility of parole.

be resolved favorably to him based upon the existing record. [Cit.]" *Usher v. State*, 303 Ga. 622, 622 (814 SE2d 363) (2018). The grant or denial of a motion for an out-of-time appeal is "the functional equivalent of the entry of a judgment." *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003). As such, the statutes governing the pursuit of appeals apply, including OCGA § 5-6-34 (a) (1)'s[3] designation of a final judgment as being subject to appeal, see *Sotter v. Stephens*, 291 Ga. 79 (727 SE2d 484) (2012), and the requirement of OCGA § 5-6-38 (a)[4] that a notice of appeal be filed within 30 days of the entry

---

[3] OCGA § 5-6-34 (a) reads in pertinent part:
Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state:
> (1) All final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35 . . . .

[4] OCGA § 5-6-38 (a) reads:
A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion. In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal. The notice of cross appeal shall set forth the title and docket number of the case, the name of the appellee, the name and address of his attorney, and a designation of any portions of the record or transcript designated for omission by the appellant and which the appellee desires included and

of judgment.  See *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004).  The written order entered on September 20, 2017 disposed of Moore's motion for out-of-time appeal, see *Keller v. State*, 275 Ga. 680 (571 SE2d 806) (2002), and accordingly, Moore had until October 20, 2017 to file a notice of appeal from that order.  However, Moore did not do so, instead filing the "Amended Motion for Out of Time Appeal."[5]

Under the circumstances, Moore's attempt to amend the already adjudicated motion for out-of-time appeal was untimely and jurisdictionally improper before the trial court.  Although the trial court recognized this fact, the court's order "denied" the motion rather than "dismissed" it.  As this Court has noted,

> when a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it.

shall state that the appellee takes a cross appeal. In all cases where the notice of appeal did not specify that a transcript of evidence and proceedings was to be transmitted as a part of the record on appeal, the notice of cross appeal shall state whether such transcript is to be filed for inclusion in the record on appeal. A copy of the notice of cross appeal shall be served on other parties of record in the manner prescribed by Code Section 5-6-32.

[5] The "Amended Motion for Out of Time Appeal" clearly was an attempt to amend the earlier motion, rather than a request for the trial court to revisit the substance of its earlier order; the motion sought relief on a ground additional to those already raised and adjudicated, and did not refer to the trial court's prior order.  See OCGA § 5-5-40 (b); *Gaither v. State*, 312 Ga. App. 53, 56 (3) (a) (717 SE2d 654) (2011).

See *Hammond v. State*, 292 Ga. 237, 238 n.2 (734 SE2d 396) (2012). And yet we have affirmed the denial of such motions. See, e.g., *McGee v. State*, 296 Ga. 353, 353 (1) (765 SE2d 347) (2014) (affirming denial of untimely motion to withdraw guilty plea); *Hammond*, 292 Ga. at 238 (affirming denial of untimely motion in arrest of judgment); *Lay*, 289 Ga. at 212 (3) (same). But in those cases, there is no evidence that the trial court denied the motion on the merits. *McGee*, 296 Ga. at 353 (court denied motion without a hearing); *Hammond*, 292 Ga. at 238 (motion denied based on finding that court lacked jurisdiction to consider it); *Lay*, 289 Ga. at 211 (trial court "summarily denied" motion). Absent evidence to the contrary, we presume that trial judges, as public officers, follow the law in the exercise of their statutory duties and authority. See *Lathrop v. Deal*, 301 Ga. 408, 444, n.32 (801 SE2d 867) (2017); see also *Nash v. State*, 271 Ga. 281, 284 (519 SE2d 893) (1999) (relying on a long-standing presumption "in favor of the regularity and legality of all proceedings in the courts below"). Given this presumption, a trial court's mere "denial" of a motion it lacks jurisdiction to decide without more cannot be assumed to be a decision on the merits, and so its "denial" rather than "dismissal" of an untimely motion does not require vacatur of that order. See *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) (affirming denial of untimely motion to withdraw guilty plea while noting trial court should have dismissed the motion; no indication denial was on the merits). That presumption does not apply here, however, because the court's order plainly shows that it denied Brooks's untimely motion on the merits, concluding that Brooks was "well-advised, and knowingly and intelligently entered his guilty plea[.]" Because the trial court decided the merits of a motion it lacked jurisdiction to decide, we vacate the trial court's order and remand with instructions to dismiss. See *Parker v. Leeuwenburg*, 300 Ga. 789, 793 (797 SE2d 908) (2017) (vacating where trial court addressed appellants' claims on the merits despite their lack of standing); *Humphrey v. State*, 299 Ga. 197, 199 (1) (787 SE2d 169) (2016) (vacating where trial court denied, rather than dismissed,

untimely motion to withdraw guilty plea).

*Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017).

Certainly the trial court addressed the merits of Moore's motion. But, the situation in this case differs significantly from that in *Brooks*; here the order reveals that the trial court ruled on the merits of Moore's motion *in addition* to its jurisdictional ruling, essentially advancing alternative bases for rejecting the requested relief. See *Rooney v. State*, 287 Ga. 1, 2 (1) (690 SE2d 804) (2010). Accordingly, this is not a case in which the trial court merely decided the merits of a motion over which it lacked jurisdiction, and it is not necessary for us to vacate the order and remand to the trial court with instructions to dismiss the case. *Brooks*, supra. See also *Ricks v. State*, 303 Ga. 567, 568 n. 1 (814 SE2d 318) (2018).[6] Accordingly, the judgment of the trial court is affirmed.

---

[6] Moore contends that "a member of [the office of the Clerk of the Superior Court of Monroe County] failed to serve [him with] a copy of the September 20, 2017" order. However, such a circumstance would not extend the time in which a notice of appeal must be filed.

> When notice of the entry of an appealable order is not given, the losing party should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again. [Cit.] Indeed, whatever the reason, if the trial court lawfully vacates, sets aside, or enters a stay of its order denying a new trial, the time for filing the notice of appeal is extended. [Cits.] If, after vacating the original order, the trial court subsequently re-enters the order denying a new trial, then the 30-day period for filing a notice of appeal begins to run from the date of the re-entry. [Cit.] Conversely, where the trial court does not vacate, set aside, or stay the order denying a new trial, the time for appeal continues to run. Once the time has run, the case is no longer pending in the

Judgment affirmed.  All the Justices concur.



        trial court. [Cit.] And any notice of appeal filed thereafter will be untimely, even if
        the trial court has re-entered its judgment.  [Cit.]

*Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000).  Moore did not attempt to follow this course of action, and the claimed failure to serve him with a copy of the September 20, 2017 order does not alter the requirements for securing an appeal of that order.  Compare *Pierce v. State*, 289 Ga. 893 (717 SE2d 202) (2011).  See also *Wright v. Young*, 297 Ga. 683 (777 SE2d 475) (2015).

Decided May 21, 2018.

Murder. Monroe Superior Court. Before Judge Wilson.

Carzell Moore, <u>pro se</u>.

<u>Jonathan L. Adams, District Attorney, Steven C. Ouzts, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General</u>, for appellee.