304 Ga. 683
FINAL COPY

S18A0670. McGEE v. THE STATE.

BENHAM, Justice.

This case has a complicated procedural history. In fact, this is pro se appellant Jeffrey Vincent McGee's fifth appearance before this Court with respect to issues arising out of his criminal conviction. McGee was charged with the 1999 shooting death of a police officer and other related crimes. In 2001, McGee entered negotiated guilty pleas under *North Carolina v. Alford*[1] to murder, aggravated battery upon a police officer, and possession of a firearm by a convicted felon. In exchange, the State withdrew its intent to seek the death penalty. At the plea hearing, McGee stipulated to the statutory aggravating circumstance that the victim was engaged in the performance of his official duties at the time he was murdered, and McGee affirmatively indicated that he understood this would allow the court to impose a sentence of life without parole. The trial court sentenced McGee to life without parole

---

[1] 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

for the guilty plea to murder, twenty years to serve concurrent with the life sentence for the guilty plea to aggravated battery, and five years to serve concurrent to the previous two sentences for the guilty plea to possession of a firearm. No timely direct appeal was pursued.

McGee did, however, challenge the validity of these convictions by seeking habeas corpus relief, which was denied. In 2005, this Court denied McGee's application for a certificate of probable cause to appeal the habeas court's ruling. McGee then filed in the trial court a motion to withdraw his guilty pleas over thirteen years after the pleas were entered. The trial court denied the motion, and also denied McGee's subsequent motion for an out-of-time appeal, all without a hearing. In 2014, this Court affirmed the trial court's order denying McGee's motion to withdraw his guilty pleas because the motion was untimely filed, but we vacated the order denying McGee's motion for an out-of-time direct appeal and remanded for a hearing. See *McGee v. State*, 296 Ga. 353 (765 SE2d 347) (2014) ("*McGee I*"). In his motion for an out-of-time appeal, McGee argued he was improperly sentenced in that the aggravated battery count should have merged with the malice murder count, and he should not have been sentenced separately for aggravated battery. He also raised a claim of ineffective assistance of trial

counsel for having failed to recognize the issue when McGee was sentenced and for having failed to pursue the issue by a direct appeal. Id. at 354 (2). In *McGee I*, this Court noted that although McGee had not challenged his sentence through the appropriate means, such as a direct appeal, the trial court should have conducted a hearing to determine whether the failure to pursue a timely direct appeal was due to ineffective assistance of counsel. Id. Accordingly, the case was remanded for the trial court's consideration of McGee's ineffective assistance of counsel claim. On remand, the trial court conducted an evidentiary hearing and denied McGee's motion for an out-of-time appeal by order dated June 2, 2015. This Court dismissed McGee's attempt to appeal that order as the notice of appeal was untimely filed.

McGee again sought leave from the trial court to withdraw his guilty plea and, acting both pro se and through appointed counsel, also filed motions in arrest of judgment on those pleas, all of which motions were consolidated and then denied by order dated March 31, 2016. The trial court did, however, vacate the sentence on aggravated battery on the ground that this conviction merged with the murder conviction. McGee appealed the denial of his motions in arrest of judgment, and this Court affirmed because

the motions were untimely. See *McGee v. State*, 301 Ga. 169 (800 SE2d 324) (2017) ("*McGee II*").[2]

Afterwards, however, the trial court granted McGee's motion to set aside its 2015 order denying McGee's motion for leave to file an out-of-time appeal, finding that McGee did not receive proper notice of the order. The trial court re-entered an order denying the motion for out-of-time appeal, in which it found, based on testimony presented at the 2015 evidentiary hearing, that McGee failed to prove that his failure to seek a timely appeal was caused by the ineffective assistance of counsel. McGee then timely filed this pro se appeal.

McGee asserts he is entitled to an out-of-time appeal because his failure to seek a timely appeal was due to the ineffective assistance of his trial counsel who failed to inform him of his right to appeal his guilty plea convictions. One of the hurdles a defendant who pleaded guilty must overcome in order to obtain leave to file an out-of-time appeal is that he must demonstrate his counsel was ineffective by not filing a timely direct appeal. See *Stephens v. State*, 291 Ga. 837, 838-839 (1) (733 SE2d 266) (2012). This

---

[2] The State did not appeal the trial court's merger ruling and resentencing order.

claim of ineffective assistance of counsel requires a showing not only that counsel was deficient in failing to file an appeal (or failing to advise the defendant of his right to seek an appeal) but also that the defendant was prejudiced by that decision, pursuant to the familiar two-pronged standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). See also *Mims v. State*, 299 Ga. 578, 579 (1) (787 SE2d 237) (2016). That means that even assuming McGee could demonstrate deficient performance of counsel, he must also demonstrate a reasonable probability exists that if a timely appeal had been taken it would have been successful. See *Stephens v. State*, supra, 291 Ga. at 839 (1).

With respect to the sentencing error, no prejudice from counsel's failure to file a direct appeal is shown because the error has now been corrected by the trial court order that merged the aggravated battery conviction into the murder conviction and vacated the twenty-year sentence that had been imposed for aggravated battery. See *Hickman v. State*, 299 Ga. 267, 272 (5) (787 SE2d 700) (2016); *Manley v. State*, 287 Ga. App. 358, 360 (3) (651 SE2d 453) (2007). With respect to the assertion that McGee's pleas were not knowingly and voluntarily made because trial counsel improperly coerced him into accepting the plea offer, this claim also provides no basis

for an out-of-time appeal.  Even though McGee could have raised the allegation of coercion in a timely direct appeal, he has failed to demonstrate a reasonable probability that he would have been successful on this ground.  At the time a direct appeal would have been timely, the record was limited to the transcript of the plea hearing in which McGee declared under oath that his plea was made knowingly and with the benefit of advice of counsel, and on this and other evidence the trial court found the plea was voluntary.  On that record, which is all that could have been considered on a timely direct appeal, no finding of coercion could be made, and an appeal would be meritless.  Accordingly, McGee cannot demonstrate a reasonable probability that he would have succeeded on his improper coercion claim.

Having failed to demonstrate the required prejudice for establishing constitutionally ineffective assistance of counsel, McGee cannot prevail on his assertion that the trial court erred in denying his motion for an out-of-time appeal.  The trial court's re-entered order denying McGee's motion for an out-of-time appeal is affirmed.

Judgment affirmed.  All the Justices concur.

Decided October 22, 2018 — Reconsideration dismissed November 15, 2018.

Murder. Carroll Superior Court. Before Judge Simpson.

Jeffrey V. McGee, pro se.

John H. Cranford, Jr., District Attorney, Jeffery W. Hunt, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.