305 Ga. 699
FINAL COPY

S19A0138.  MOORE v. THE STATE.

NAHMIAS, Presiding Justice.

Carzell Moore appeals the trial court's denial of his motion to set aside the court's September 2017 order denying his motion for an out-of-time appeal, contending that the court did not give him notice of the September 2017 order. The State concedes that the trial court did not properly evaluate Moore's motion to set aside. We agree, so we vacate the trial court's order and remand the case for the court to make findings about whether Moore was given proper notice of the September 2017 order.

1.    After a jury trial in 1977, Moore was convicted of murder and rape and sentenced to death; his convictions and sentences were affirmed on appeal. See *Moore v. State*, 240 Ga. 807 (243 SE2d 1) (1978). Moore then filed a federal habeas corpus petition, and he was granted a new sentencing proceeding on the ground that the jury had not been properly instructed at the sentencing phase of his trial.

See *Moore v. Kemp*, 809 F2d 702, 730-733 (11th Cir. 1987) (en banc).

The State indicated that it would again seek the death penalty. On June 18, 2002, Moore, who was represented by counsel, waived his right to a jury trial for sentencing and agreed to be sentenced to life imprisonment without the possibility of parole.

Moore did not appeal the new sentencing order. Fifteen years later, on June 22, 2017, he filed a pro se motion for an out-of-time appeal. On September 20, 2017, the trial court denied that motion. Moore did not file a timely appeal from that order. On October 3, 2017, he filed an "amended" motion for an out-of-time appeal, which the trial court also denied. Moore appealed that denial order, but on May 21, 2018, this Court affirmed it, explaining that Moore's attempt to amend the already adjudicated motion for an out-of-time appeal was untimely and jurisdictionally improper. See *Moore v. State*, 303 Ga. 743, 746 (814 SE2d 676) (2018). We noted Moore's contention that he was not served with a copy of the September 2017 order, and we explained that although such a circumstance would

not extend the time in which a notice of appeal must be filed, Moore could seek to have the order set aside. See id. at 747 n.6.

Accordingly, on May 22, 2018, Moore filed a motion to set aside the September 2017 order denying his original motion for an out-of-time appeal, asserting that he was never served with a copy of that order. On August 10, 2018, the trial court denied Moore's motion without a hearing, explaining: "The Court of Appeals affirmed the judgment of the trial court on May 21, 2018. Therefore, this Court will not grant Defendant's Motion to set aside."[1]

2.    OCGA § 15-6-21 (c) says:

> When [the judge] has so decided [a motion], it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision. Said notice shall not be required if such notice has been waived pursuant to subsection (a) of Code Section 9-11-5 [by a failure to file pleadings].

When the trial court does not give the required notice of an order to the losing party, "the losing party should file a motion to set aside,

---

[1] The trial court was apparently referring to *this* Court's May 21, 2018 decision affirming the trial court's denial of Moore's *amended* motion for out-of-time appeal.

and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again." *Pierce v. State*, 289 Ga. 893, 895 (717 SE2d 202) (2011) (citations and punctuation omitted). See also *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684 n.3 (777 SE2d 475) (2015).[2] When considering the motion to set aside, "the trial court must first make a finding regarding whether the duty imposed by OCGA § 15-6-21 (c) was met." *Pierce*, 289 Ga. at 895 (citations and punctuation omitted).

Here, the trial court did not make any findings as to whether Moore was given notice of the September 2017 order denying his motion for an out-of-time appeal. Instead, the trial court denied Moore's motion to set aside that order on the ground that this Court had affirmed an order denying a different motion — Moore's

---

[2] In *Wright*, this Court clarified that "OCGA § 15-6-21 (c) only requires that the trial court give notice to the losing party," and disapproved *Cambron* to the extent it held that "notice must be sent and *received*." *Wright*, 297 Ga. at 684 n.3 (emphasis in original).

amended motion for an out-of-time appeal. That was not a proper basis for denying the motion to set aside. In fact, as noted above, this Court explained in its opinion that if the trial court had not provided proper notice of the September 2017 order, Moore could move to have that order set aside. See *Moore*, 303 Ga. at 747 n.6. Accordingly, the trial court's order denying Moore's motion to set aside is vacated, and the case is remanded for the trial court to decide whether it provided Moore with notice of the September 2017 order, as required by OCGA § 15-6-21 (c), and to rule on Moore's motion to set aside accordingly. See *Pierce*, 289 Ga. at 895.

Judgment vacated and case remanded. All the Justices concur.

Decided April 29, 2019.

Murder. Monroe Superior Court. Before Judge Wilson.

Carzell Moore, pro se.

Jonathan L. Adams, District Attorney, Cynthia T. Adams, Elizabeth K. Bobbitt, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy

Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.