308 Ga. 556
FINAL COPY

S20A0344.  MOORE v. THE STATE.

NAHMIAS, Presiding Justice.

Appellant Carzell Moore, who is representing himself, appeals the trial court's denial of his motion to set aside a September 2017 order denying his motion for an out-of-time appeal from his 2002 resentencing on his 1977 convictions for murder and rape. Moore contends that the trial court abused its discretion by denying his motion to set aside because he was not given proper notice of the September 2017 order. But the record supports the trial court's ruling, so we affirm.

1. The long and complicated procedural history of Moore's case was detailed in our opinion on his last appeal. See *Moore v. State*, 305 Ga. 699, 699-700 (827 SE2d 657) (2019). On remand from that decision, the trial court held an evidentiary hearing on Moore's motion to set aside the September 2017 order. The State presented testimony from the Chief Deputy Clerk for the Monroe County

Superior Court that in September 2017, she worked on criminal cases in the clerk's office; when she received a judge's signed order in a criminal case, her practice was to file it and send copies to the parties; she was familiar with Moore's case and was particularly careful with it because it was a murder case that had involved the death penalty; and she filed the September 2017 order denying Moore's motion for an out-of-time appeal and used adequate postage to mail a copy to Moore at his record address at Hays State Prison. She also testified that if the order had been returned to the clerk's office, the office would have notated its return and tried to locate another address for Moore, but there was no such notation in his case file. Moore briefly cross-examined the Chief Deputy Clerk, but he did not present any evidence at the hearing.

On July 29, 2019, the trial court entered an order denying Moore's motion to set aside. Noting the Chief Deputy Clerk's testimony that she mailed a copy of the September 2017 order to Moore and that the copy was not returned to the clerk's office, the court found that Moore had been given notice of the September 2017

order in accordance with OCGA § 15-6-21 (c). Moore then filed this appeal.

2. OCGA § 15-6-21 (c) says:

> When [the judge] has so decided [a motion], it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision. Said notice shall not be required if such notice has been waived pursuant to subsection (a) of Code Section 9-11-5 [by a failure to file pleadings].

When the trial court does not give the notice required by OCGA § 15-6-21 (c) to the losing party, that party "'should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again.'" *Moore*, 305 Ga. at 700 (citation omitted). See also *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684 n.3 (777 SE2d 475) (2015). "When considering the motion to set aside, 'the trial court must first make a finding regarding whether the duty imposed by OCGA § 15-6-21 (c) was met.'" *Moore*, 305 Ga. at 700 (citation omitted).

In *Wright*, we explained that the duty imposed by OCGA § 15-6-21 (c) "only requires that the trial court give notice to the losing party," and we disapproved *Cambron* to the extent it held that "notice must be sent and *received*." *Wright*, 297 Ga. at 684 n.3 (emphasis in original). Thus, "[i]f the trial court has in fact given notice, then a motion to set aside may be properly denied whether or not the losing party actually received the notice." Id.

In its order denying Moore's motion to set aside, the trial court expressly found that Moore had been given notice of the September 2017 order as required by OCGA § 15-6-21 (c). The court credited the Chief Deputy Clerk's testimony that she used adequate postage to mail a copy of the September 2017 order to Moore at his record address and that the copy was never returned to the clerk's office. Citing *Wright,* the court also correctly recognized that "the legal requirement of notice is met upon proof of notice given, not the actual receipt thereof."

The record supports the trial court's finding that notice of the September 2017 order was given to Moore. Accordingly, the court

did not abuse its discretion by denying Moore's motion to set aside. See *McCurley v. State*, 345 Ga. App. 856, 858 (815 SE2d 188) (2018) (holding that the trial court's finding that the defendant's attorneys were provided with the notice required by OCGA § 15-6-21 (c) was supported by testimony from the court's administrative assistant that he mailed copies of the judge's order to the attorneys and that the court's records did not indicate that the mailings were returned).[1]

*Judgment affirmed. All the Justices concur.*

Decided April 20, 2020.
Murder. Monroe Superior Court. Before Judge Wilson.
Carzell Moore, *pro se*.
*Jonathan L. Adams, District Attorney, Cynthia T. Adams, Elizabeth K. Presley, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[1] Moore contends that the trial court abused its discretion because it failed to consider certified copies of his legal mail log entries at Hays State Prison that he attached to his motion to set aside. But those mail log entries were not offered or admitted into evidence during the hearing on the motion; indeed, they were not even mentioned. In any event, the mail log entries could only show, if anything, that Moore did not receive notice of the September 2017 order, and as discussed above, receipt of notice is not a requirement under OCGA § 15-6-21 (c). See *Wright*, 297 Ga. at 684 n.3.