# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0057.  MANUEL GARCIA-SOTO v. THE STATE.**

Appellant filed this appeal contending, among other things, that a portion of his sentence is void.[1] Although a challenge to a void sentence may be raised at any time, *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010), and this Court may even remand for correction of such a sentence sua sponte, *Owens v. State*, 353 Ga. App. 848, 854 (2) (d) (840 SE2d 70) (2020), a timely filed notice of appeal is an absolute prerequisite to the exercise of this Court's jurisdiction over any appeal, regardless of subject matter. *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978); *In re Estate of Dasher*, 259 Ga. App. 201, 204 (576 SE2d 559) (2002); OCGA § 5-6-38 (a).

Here, although Appellant did not file a timely notice of appeal from the order appealed from, he was granted, with the consent of the State, an out-of-time appeal

---

[1] Appellant has filed two previous appeals in this Court. *Garcia-Soto v. State*, ___ Ga. App. ___ (A19A1963, decided March 12, 2020) (unpublished); *Garcia-Soto v. State*, ___ Ga. App. ___ (Case No. A17A1325, decided June 19, 2017) (unpublished) In this appeal, the State has conceded that a portion of Appellant's sentence is void; however, as set out above, we cannot reach this issue.

by the trial court,[2] and he timely filed his notice of appeal from that order. However, after Appellant's appeal was docketed in this Court, the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal. *Cook v. State*, ___ Ga. ___ , ___ (5) (Case No. S21A1270, decided March 15, 2022). That opinion provides "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81). Further, the court clarified "we do not undo what has been down with respect to out-of-time appeals that already have been granted *where the ensuing appeal has been concluded*." (Emphasis supplied.) Id. at ___ (3) (e) (slip op at 77). As this case should be construed as an "ensuing appeal" that is "otherwise not final," *Cook* applies here. "Appellant therefore had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___ , slip op. at 4 (Case No. S21A1036, decided March 15, 2022). Pursuant to *Cook* and *Rutledge*, we therefore vacate the trial court's order granting an out-of-time appeal and remand for entry of the appropriate dismissal order. See also *Lilly v. State*, ___ Ga. App. ___ (Case No. A22A0564, decided March 29, 2022) (remanding for

---

[2] Appellant sought an out-of-time appeal because his counsel allegedly did not receive notice of the trial court's order denying Appellant's "Extraordinary Motion." We note that under the appropriate circumstances, the trial court may set aside and reenter an order when the losing side has shown that he or she did not receive notice of the order. See OCGA § 15-6-21 (c), (d); *Moore v. State*, 308 Ga. 556, 556-557 (2) (842 SE2d 65) (2020). However, the trial court did not make any findings that would allow us to consider the order granting the motion for out-of-time appeal as an order setting aside and then reentering the order denying Appellant's Extraordinary Motion.

dismissal order where appeal was from denial of motion for new trial filed following grant of out-of-time appeal).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  04/12/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*, Clerk.*