# Court of Appeals
# of the State of Georgia

ATLANTA, _July 31, 2023_

*The Court of Appeals hereby passes the following order:*

**A23A1615. JOHNNY ASBERRY v. THE STATE.**

Following his conviction for aggravated assault, Johnny Asberry filed a motion for new trial, which the trial court denied in September 2020. In February 2021, Asberry filed a motion for out-of-time appeal. The trial court granted that motion in May 2021, and Asberry filed a notice of appeal in June 2021. However, while the record for that appeal was being prepared, the Supreme Court of Georgia issued its opinion in *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), holding that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal lies in habeas corpus. Citing *Cook*, the trial court issued an order on February 28, 2023, in which it vacated its prior grant of an out-of-time appeal and dismissed Asberry's June 2021 notice of appeal. On April 14, 2023, Asberry filed the instant pro se appeal of the February 28, 2023 order.

We lack jurisdiction. A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted). Asberry filed this appeal 45 days after entry of the trial

court's order. Accordingly, this appeal is untimely and is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* <u>07/31/2023</u>

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[1] Asberry claims that he did not receive the order until March 24, 2023. If a party's right to timely seek appellate review is frustrated because the trial court did not give the notice of its ruling required by OCGA § 15-6-21 (c), the party's remedy is generally to file a motion asking the trial court to set aside the ruling and re-enter it. See *Moore v. State*, 308 Ga. 556, 557 (2) (842 SE2d 65) (2020). However, because an order dismissing a motion for out-of-time appeal does not present a cognizable basis to appeal, this remedy would be unavailing to Asberry here. See *Cook*, 313 Ga. at 506 (5); *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018).