**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 24, 2025**

# In the Court of Appeals of Georgia

A25A0159. TEAGUE v. THE STATE.

DOYLE, Presiding Judge.

In July 2022, Trevon Teague pleaded guilty in Cobb County Superior Court to aggravated child molestation, and the trial court imposed a sentence of 15 years in confinement followed by 25 years on probation. Teague, proceeding pro se, now appeals from the trial court's denial of his March 2024 motion to withdraw his guilty plea, contending that the trial court erred by denying the motion as untimely. For the reasons that follow, we affirm.

"A motion to withdraw a guilty plea must be filed in the term of court in which the defendant is sentenced. Otherwise, the trial court lacks jurisdiction to entertain

such a motion."[1]

Teague filed his March 2024 motion outside the 2022 term of court in which his sentence was entered.[2] Given the expiration of the term of court in which he was sentenced, "[t]he only means now available to [Teague] for challenging the guilty plea[] he entered in [2022] is through a petition for writ of habeas corpus."[3] Nevertheless, Teague argues that the trial court erred by denying, rather than dismissing, as untimely his motion to withdraw his guilty plea. To the extent that the trial court should have dismissed the motion, which it lacked jurisdiction to decide,[4] Teague is correct. But the denial of such a motion may be affirmed on appeal if, as here, the trial court did not render its decision based upon the merits of the motion.[5]

---

[1] (Citation and punctuation omitted.) *Campus v. State*, 369 Ga. App. 269, 270 (893 SE2d 161) (2023).

[2] See OCGA § 15-6-3 (11) (Cobb County Superior Court terms begin on the second Monday in January, March, May, July, September, and November).

[3] *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003).

[4] See *Moore v. State*, 303 Ga. 743, 746 (814 SE2d 676) (2018) ("[W]hen a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it.") (punctuation omitted).

[5] See *Bonner v. State*, 310 Ga. 426, 427-428 (851 SE2d 578) (2020) ("When an order states that a procedurally barred motion is denied, rather than dismissed, without more, we assume that the order was not an unauthorized decision on the merits, which would require vacatur of the order.") (punctuation omitted).

Here, the trial court denied Teague's motion to withdraw his guilty plea exclusively on the basis that it lacked jurisdiction to consider it. This is not a case in which the trial court ruled on "the merits of a motion over which it lacked jurisdiction, and it is not necessary for us to vacate the order and remand to the trial court with instructions to dismiss the [motion]."[6] Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[6] *Moore*, 303 Ga. at 747. See also *Davis v. State*, 274 Ga. 865, 865-866 (561 SE2d 119) (2002) (affirming a trial court's denial of a defendant's motion to withdraw his guilty plea filed outside the term of court in which it was entered, noting that the trial court should have dismissed, rather than denied, the motion as untimely).