# Court of Appeals
# of the State of Georgia

ATLANTA, May 06, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1626. KEVIN CONEY v. THE STATE.

In 2017, this Court affirmed Kevin Coney's conviction for armed robbery in an unpublished opinion. Case No. A17A0491 (Jan. 19, 2017). In September 2024, Coney filed a motion for modification of sentence. The trial court issued an order dismissing the motion on December 13, 2024, and Coney filed a notice of appeal on April 7, 2025. We lack jurisdiction for two reasons.

First, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment sought to be appealed, OCGA § 5-6-38 (a), and the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020). Coney's notice of appeal was filed 115 days after entry of the trial court's order and was therefore untimely.[1]

Second, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).

---

[1] Coney asserts that his appeal should be deemed timely because he did not receive notice of the order until March 28, 2025. However, any failure by the trial court to notify Coney of its order would not extend the time for filing this appeal, and a party whose right to timely seek appellate review is frustrated due to a lack of such notice may file a motion asking the trial court to set aside the order and re-enter it. See *Moore v. State*, 308 Ga. 556, 557 (2) (842 SE2d 65) (2020); *Atlantic-Canadian Corp. v. Hammer, Siler, George Assoc.*, 167 Ga. App. 257, 257-258 (1) (306 SE2d 22) (1983).

Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Here, Coney has not raised a colorable void sentence claim, but has instead challenged the fairness of his sentence.

For the foregoing reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/06/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*